IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREIDA LEE, on behalf of herself and others similarly situated,

    Plaintiff,

  v.

EQUIFAX INFORMATION SERVICES, LLC; and DOES 1-50, inclusive,

    Defendants.

No. CV 13-4302 SI

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND, DENYING REQUEST FOR ATTORNEYS' FEES, AND REMANDING ACTION TO ALAMEDA COUNTY SUPERIOR COURT**

Plaintiffs have filed a motion to remand this action to state court. The motion is scheduled for a hearing on December 17, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion to remand.

**BACKGROUND**

On December 18, 2012, plaintiff Frieda Lee filed a class action lawsuit in Alameda County Superior Court.[1] Docket No. 1, Ex. A-1. The original complaint alleged five causes of action, including three causes of action for violation of various sections of the California Consumer Credit Reporting Act ("CCRAA") by allowing duplicate account reporting on customer credit reports in violation of California Civil Code § 1785.14(b), failing to note consumer disputes on customer credit reports in

---

[1] Superior Court of California, Alameda County, Civil Action File No. RG12660482.

violation of §§ 1785.16(g) and 1785.14(b), and failing to provide a timely substantive description to customer requests for a description of the reinvestigation in violation of § 1785.16(d)(4). *Id*. The complaint also alleged unfair business practices and sought declaratory and injunctive relief . *Id*.

In the original complaint, plaintiff defined the class as "California consumers who were subject of the acts described in 3, 4, and/or 5 above." *Id.* p. 3. Plaintiff further alleged that "class membership in each class is in excess of 500." *Id*. p. 4. The complaint did not identify a specific amount in controversy but did allege that "[p]laintiff and the class have suffered statutory damages . . . per CCRAA sections 1785.31(a)(2) and 1785.31(c)," based on defendants' alleged violations of the CCRAA described the first three causes of action. *Id*. ¶. 5-7.

On April 17, 2013, plaintiff filed a second action, separate and independent from the December 2012 action.[2] Docket No. 1., Ex. A-49. This second action was based on the assertion in Equifax's Answer to the original complaint, that what Equifax had provided plaintiff was not a consumer or credit report, but a consumer credit file. *Id*. The new complaint stated two causes of action and alleged a class action only if necessary for declaratory relief. *Id*.

On July 1, 2013, Equifax filed demurrers for uncertainty as to each of the complaints, arguing that neither complaint adequately alleged an ascertainable class of plaintiffs. Docket No. 1, Ex. A-36. On August 8, 2013 the two cases were consolidated for all purposes under Civil Action File No. RG12660482, *id*., Ex. A-40, and on August 9, 2013, the demurrers were sustained with leave to amend. Docket No. 1, Ex. A-42. The order instructed plaintiff to file a single amended complaint clearly indicating which causes of action were asserted both individually and on behalf of a putative class.

On August 26, 2013, plaintiff filed an amended consolidated class action complaint. *Id* ., Ex. A-45. The amended complaint asserts the same five causes of action as did the original complaint, including the three alleging CCRAA violations.[3] The amended complaint adds allegations to the second and third causes of action that defendants also violated § 1785.15(f). *Id*.

---

[2] Superior Court of California, Alameda County, Civil Action File No. RG13675935.

[3] The amended complaint is mis-nunbered, skipping from third cause of action to fifth cause of action without listing a fourth cause of action.

2

In the amended complaint, the class definition was stated as follows:

> [A] class of California consumers to whom Equifax provided credit reports containing two or more entries in the negative (here denominated "Collections") sections of such reports or files with substantially duplicative datafields; and/or California consumers to whom Equifax provided credit reports or files containing entries which the consumers disputed, but which Equifax did not note as disputed in subsequent credit reports or files; California consumers who obtained a reinvestigation from Equifax and requested a description of the reinvestigation process, but none was timely provided; California consumers who received a description of the reinvestigation process lacking the name, business address and phone of the furnisher contacted or otherwise was substantially the same description as plaintiff received; and/or declaratory and injunctive relief regarding whether California consumers who receive what Equifax calls a credit file are subject to laws regulating credit reports; and/or declaratory and injunctive relief as to whether California consumers who receive what Equifax calls a credit file comply with what the law required for credit files, within the period from four years before the complaint was filed in the case to the present.

*Id.*, p. 7. The amended complaint alleges "class membership in each class exceeds 500 people." *Id.* p. 5. The amended complaint does not identify a specific amount in controversy but does allege "[p]laintiff has suffered actual and plaintiff and the class have suffered statutory damages . . . per CCRAA sections 1785.31(a)(2) and 1785.31(c)," based on defendants' alleged violations of the CCRAA described the first three causes of action. *Id.* ¶. 8-9.

On September 17, 2013, defendant removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Docket No. 1, Notice of Removal. On October 3, 2013, plaintiff filed a motion to remand ("Pl.'s Mot."). Docket No. 6. Defendants have opposed the motion.

## LEGAL STANDARD

Generally, a state court action is only removable to federal court if it might have been brought there originally. 28 U.S.C. § 1441(a). Under the Class Action Fairness Act ("CAFA"), "district courts shall have original jurisdiction in any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). CAFA also provides that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(6). CAFA permits federal

3

court jurisdiction where only minimal, rather than complete, diversity exists; "[s]ection 1332(d) thus abandons the complete diversity rule for covered class actions." *Abrego Abrego*, 443 F.3d at 680. The Ninth Circuit has explained that CAFA did not disturb the traditional allocation of the burden of establishing removal jurisdiction, holding "that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Id*. at 685; *see also Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir. 2005). Where, as here, the complaint does not plead a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 683 (9th Cir. 2006). The federal removal statute is strictly construed, and federal courts reject jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

The mechanics and requirements for removal are governed by 28 U.S.C. § 1446. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). Section 1446(b) identifies two thirty-day periods for removing a case. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face. *Id*. The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained. *Id*.

**DISCUSSION**

**I.    Plaintiff's Motion to Remand**

Plaintiff moves to remand this action to state court because defendant's removal was untimely. Pl's. Mot. p. 4. Plaintiff argues the initial complaint, filed December 18, 2012, triggered the first thirty-day period, and that defendant's removal, filed some nine months later on September 17, 2013, was well beyond the thirty days allotted under § 1446(b). *Id*. Plaintiff argues that the initial complaint makes largely the same allegation of class size and remedies sought as does the amended complaint, and the contents of the initial complaint fully alerted the defendant to removability. *Id*.

4

1 In response, defendant argues that the initial complaint was indeterminate as to removability
2 because it did not contain a class definition. Def's. Opp'n p. 8. The amended complaint, filed August
3 26, 2013, does contain an explicit class definition, *id.* p. 8-9, so removability could be ascertained
4 because the class definition allowed it "to determine the critical CAFA removal requirements of minimal
5 diversity, numerosity, and amount in controversy." *Id.*

6 "The first thirty-day removal period [under § 1446(b)] is triggered 'if the case stated by the
7 initial pleading is removable on its face.'" *Carvalho*, 629 F.3d at 885. Therefore, the complaint must
8 reveal grounds for removal "affirmatively in the initial pleading in order for the first thirty day clock
9 under § 1446(b) to begin." *Kuxhausen*, 707 F.3d at 1141. The Ninth Circuit has explained that
10 "removability under section 1446(b) is determined through examination of the four corners of the
11 applicable pleadings, not through subjective knowledge or a duty to make a further inquiry." *Harris
12 v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The Ninth Circuit has specifically held
13 that "a defendant does not have a duty of inquiry if the initial pleading or other document is
14 'indeterminate' with respect to removability," *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d
15 1121, 1125 (9th Cir. 2013) (citing *Harris*, 425 F.3d at 693-94), and is not required to "supply
16 information which [plaintiff] has omitted." *Kuxhausen*, 707 F.3d at 1141. However, a defendant must
17 apply a reasonable amount of intelligence in ascertaining removability. *Id.* at 1140. "Multiplying figures
18 clearly stated in a complaint is an aspect of that duty." *Id.*

19 The Court finds that, under CAFA, plaintiff's original complaint was removable on its face. The
20 original complaint alleged that plaintiff is a California citizen and defendant is a Georgia corporation,
21 satisfying CAFA's diversity requirement. Not. of Removal, Ex. A-1, p. 1. The original complaint
22 alleged that the minimum class membership in each of the three classes was in excess of 500 people.
23 *Id.*, p. 4. These allegations were sufficient to satisfy CAFA's numerosity requirement. *See Kuxhausen*,
24 707 F.3d at 1140.

25 In addition, plaintiff's allegations in the original complaint about the size of each class together
26 with the claims for statutory damages were sufficient to satisfy CAFA's amount in controversy
27 requirement. The Ninth Circuit has explained that the CAFA amount in controversy "is simply an
28 estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v.*

*Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *see also McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation."). To establish the jurisdictional amount, defendant need not concede liability for the entire amount. *Lewis*, 627 F.3d at 400. In addition, "[t]he amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law." *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002). "Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see, e.g.*, *Morey v. Louis Vuitton N. Am., Inc.*, 461 Fed. Appx. 642, 643 (9th Cir. 2011) ("Because the amount in controversy could be as much as $1,000 for each subsequent violation, and it is undisputed that there were 'substantially in excess' of 5,000 credit card transactions, the preponderance of the evidence shows that the amount in controversy exceeds $5 million.").

In the original complaint, plaintiff alleged three causes of action for violation of the CCRAA. Not. of Removal, Ex. A-1, ¶. 5-7. For each of these causes of action, plaintiff sought statutory damages for himself and the class under California Civil Code § 1785.31(a)(2). *Id.* In the case of a willful violation, Section 1785.31(a)(2) provides for punitive statutory damages "of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper." In this case, simple multiplication of $5,000, the maximum statutory penalty under section 1785.31(a)(2), by 1,500, the total minimum number of class members alleged in the original complaint for the three classes, yields $7,500,000. See *Kuxhausen*, 707 F.3d at 885 (stating that a defendant must multiply figures clearly stated in a complaint). Therefore, the face of the original complaint satisfied CAFA's amount in controversy requirement.

Defendant argues that the initial complaint was indeterminate because it failed to contain a proper class definition. Def.'s Opp'n at 8-9. However, defendant fails to explain why a proper class definition was needed to determine removability. Indeed, in asserting that the amended complaint was removable under CAFA, defendant does not rely on the class definition provided in the amended pleading to calculate the amount in controversy. Defendant simply took the minimum number of class

6

members alleged in the amended complaint and multiplied that number by the maximum statutory damages sought in the amended complaint. Not. of Removal at 5; Def.'s Opp'n at 13. This same information was contained in the original complaint. *See* Not. of Removal, Ex. A-1. Because defendant could have determined removability based on the initial complaint and did not file for removal within 30 days after service of the initial complaint, the defendant's motion to remove was untimely. Accordingly, the Court GRANTS plaintiff's motion to remand.

## II.     Plaintiff's Motion for Attorney's Fees

Plaintiff seeks an award of attorneys fees and costs incurred in moving for remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds that attorney's fees are inappropriate in this case, and therefore, plaintiff's motion for fees is DENIED.

## CONCLUSION

For all the foregoing reasons, plaintiff's motion to remand this case to state court is GRANTED and plaintiff's motion for fees is DENIED.

**IT IS SO ORDERED.**

Dated: December 16, 2013

SUSAN ILLSTON
United States District Judge